**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 30 2010 ★

ST/ɛM

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Index No.:

GOWANUS INDUSTRIAL PARK, INC.,

    Plaintiff,

vs.

COMPLAINT

AMERADA HESS CORP.,

    Defendant.

GLEESON, J.

J. ORENSTEIN, M.J.

  Plaintiff Gowanus Industrial Park, Inc. by and through its attorneys Hinman Howard & Kattell, LLP as and for its complaint against Amerada Hess Corp. alleges as follows:

  1. Plaintiff Gowanus Industrial Park, Inc. ("GIP") is a foreign corporation authorized to do business in the State of New York, with its principal place of business located in Brooklyn, New York.

  2. Upon information and belief, defendant Amerada Hess Corporation is a foreign corporation organized and existing under the laws another State of the United States with its principal place of business located at 1 Hess Plaza, Woodbridge, New Jersey. Defendant owns a parcel of property which is contiguous with the eastern border of plaintiff's (Henry Street Basin) property line, which defendant uses for the storage and point of shipment of petroleum products.

  3. This court has jurisdiction over the subject matter of this action because this is an admiralty and maritime claim within the jurisdiction of the United States District Court, within the meaning of 28 U.S.C. § 1333(1) and Rule 9(h) of the Federal Rules of Civil Procedure, and is also a claim for declaratory judgment pursuant to 28 U.S.C.

1

§ 2201, brought for the purpose of determining an issue of actual controversy between the parties, as more fully set forth below. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 based on the diversity of the citizenship of the parties, and the fact that the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and pursuant to the principle of supplemental jurisdiction under 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and (c) in that a substantial part of the events giving rise to the claim occurred in this district and in that the defendant may be found in this district.

5. This Court has personal jurisdiction over the defendant in this action by virtue of the fact that they are present in this State, are doing or transacting business here, and have committed acts and omissions, which, as described herein, have caused and continue to cause plaintiff grave harm in this State.

6. In 1997, GIP acquired certain parcels ("Parcels") of land located in Brooklyn New York, which include a rectangular piece of land currently underwater known as the Henry Street Basin pursuant to a quitclaim deed ("Quitclaim Deed") from the Port Authority of New York, New Jersey.

7. On its Westerly side, the Henry Street Basin abuts a parcel owned by GIP, on its Northerly side the Henry Street Basin abuts a two foot bulkhead (the "Bulkhead") owned by GIP, on its Easterly side the Henry Street Basin abuts a bulkhead owned by GIP, and on its Southerly side the Henry Street Basin abuts the Gowanus Bay.

8. In 2003, Judge Leo B. Glaser found the Quitclaim Deed to be invalid. <u>Gowanus Industrial Park v. Amerada Hess Corp.</u>, 2003WL22076641 (SDNY 2003) hereinafter referred to as the "<u>First Hess Action</u>".

9. On April 1, 2005, in order to remedy the failure of title, the State of New York conveyed the Parcels to GIP by letters patent ("Letters Patent").

10. Subsequent to the issuance of the Letters Patent The Supreme Court of the State of New York, County of Kings has found GIP to be the valid owner of the Parcels in an action captioned, <u>The City of New York v. Gowanus Industrial Park, Inc.</u>, Index No. 19083/05.

11. The property to the east of the Parcels is owned by defendant Hess.

12. The Bulkhead runs in a straight line from the north end of the Basin 210 feet southerly at a distance of 5'81/2" west from the bulkhead line extending to a distance of 5'103/4" west. The Bulkhead continues southerly for 318 more feet, running a distance of 6'1" west of the bulkhead line before reducing to 1 1/4" and then finally 1 inch west of the bulkhead line for the remaining 53 feet before making a ninety degree turn east.

13. In the <u>First Hess Action</u>, Justice Glasser held that the Bulkhead lies squarely within the Henry Street Basin and therefore the Parcels.

14. Hess has constructed both a fence ("Fence") and piping ("Piping" collectively referred to with the Fence as the "Obstructions") on top of the Bulkhead.

15. The Obstructions were built without the permission of GIP.

16. Despite due demand, Hess has failed and refused to remove the Obstructions.

17. The Obstructions interfere with GIP's rights to use its property both atop and adjacent to the Bulkhead.

### As and For a First Cause of Action for Private Nuisance

18. Plaintiff repeats and reiterates the allegations contained in paragraphs "1" through "17" above as if fully set forth at length herein.

19. The Obstructions prevent plaintiff from utilizing its property; the Fence precludes access from the water; and the Piping prevents storage of material.

20. The Fence, by its nature -- precludes passage -- shows Hess's clear intent to deprive plaintiff of access to its own property.

21. The Fence is unreasonable in character as its sole purpose is to keep GIP or its assigns from GIP's property, when the Fence could be located back on the property line so as to prevent GIP or its assigns access to Hess' property.

22. The Obstructions interfere with GIP's ability to use and enjoy its property.

23. The Obstructions are a direct result of Hess's conduct.

24. By reason of the Hess's private nuisance, plaintiff has been damaged by its inability to use its property in an amount in excess of $500,000 with the precise amount to be determined at trial.

### As and For a Second Cause of Action for Trespass

25. Plaintiff repeats and reiterates the allegations contained in paragraphs "1" through "24" above as if fully set forth at length herein.

26. Hess intentionally placed the Fence and Piping on GIP's property.

4

27. The placement of the Fence and Piping constitutes a trespass by Hess on GIP's property.

28. Upon its purchase of the Parcel, plaintiff gave notice to defendant that defendant was entered upon, occupying and benefiting from plaintiff's property.

29. On June 24, 2008, GIP sent a demand to Hess to remove the Fence and piping.

30. Hess failed and refused to honor such demand. To wit: it failed and refused to refrain from using the Bulkhead and from exercising dominion and control thereof.

31. The conduct and acts of defendant and its agents, servants and/or employees, constitute a continuing trespass on the Parcel.

32. Plaintiff has been damaged by Hess' trespass because it has been unable to use the portion of the Parcel with the Obstructions.

33. As a result of the forgoing, plaintiff is entitled to the immediate and exclusive use, possession and control of GIP's property and the Bulkhead.

34. Unless defendant, its agents, servants, contractors and employees and each and every one of them be forever, and during the pendency of this action, preliminarily and permanently enjoined from entering, intruding or otherwise trespassing upon the Parcel and the Bulkhead, plaintiff will be irreparably harmed.

35. Such damage is an amount in excess of $500,000, with the precise amount to be determined at trial.

36. By reason of the foregoing, plaintiff is entitled to a judgment in the amount of $500,000, as well as an order directing Hess to remove the Fence and Piping from the Parcel.

## As and for a Third Cause of Action for Declaratory Judgment

37. Plaintiff repeats and reiterates the allegations contained in paragraphs "1" through "36" above as if fully set forth at length herein.

38. The Fence and Piping are wrongfully constructed on GIP's property.

39. GIP has requested Hess to remove the Fence and Piping and despite such demand, Hess has refused to remove either the Fence or the Piping from GIP's property.

40. In view of the foregoing, it is desirable and necessary that a judicial determination be made establishing the identity of the party that has legal and equitable title to the Bulkhead, free and clear of all claims by any other party of rights to the Bulkhead by virtue of a claim of legal title, adverse possession, prescriptive easement, or any other legal or equitable principle.

41. Plaintiff has no other remedy at hand.

42. As a result of the forgoing, plaintiff is entitled to a declaratory judgment declaring the rights of plaintiff with respect to the matters set forth in this Complaint, and in particular declaring and specifying that: (a) the Bulkhead is within the legal description of the Parcels, and therefore legally constitutes part of the Parcels; (b) that plaintiff is the sole and exclusive legal and equitable owner of the Parcels, including the Bulkhead; (c) that plaintiff is entitled to sole, exclusive and unfettered use of and access

to the Bulkhead; and (d) that defendant has no legal or equitable claim to the ownership or use of the Bulkhead, whether by claim of legal title, adverse possession, prescriptive easement, or under or pursuant to any other legal or equitable principle.

**Wherefore**, plaintiff Gowanus Industrial Park demands judgment in its favor and against defendant Amerada Hess, Inc.

a. On its first cause of action for private nuisance in an amount in excess of $500,000 with the precise amount to be determined at trial;

b. On its second cause of action for trespass an order: (a) preliminarily and permanently enjoining defendant, its agents, employees, contractors and servants, and any other persons in active concert with defendant, from entering, intruding or otherwise trespassing upon the Parcel, including the Bulkhead and awarding the plaintiff immediate and exclusive possession of the Parcel, including the Bulkhead, and (b) compensatory damages in an amount in excess of $500,000 with the precise amount to be determined at trial;

c. On its third cause of action for a declaratory judgment declaring the rights of the plaintiff with respect to the matters set forth in this Complaint, and in particular declaring and specifying that: (a) the Bulkhead is within the legal description of the Parcel, and therefore, legally constitutes part of the Parcel Property; (b) that plaintiff is the sole and exclusive legal and equitable owner of the Parcels, including the Bulkhead; (c) that plaintiff is entitled to sole, exclusive and unfettered use of and access to the Bulkhead; and (d) that defendant has no legal or equitable claim to the ownership or use of the Bulkhead, whether by claim of legal title, adverse possession, prescriptive

7

easement, or under or pursuant to any other legal or equitable principle directing that Amerada Hess, Inc. immediately remove the Fence and Piping;

    d.    For its costs and disbursements in this action; and

    e.    For such other relief as this Court deems just and proper.

Dated: New York, New York
November 29, 2010

                Hinman Howard & Kattell LLP

                By: Joseph N. Paykin (JP 3410)
                Attorneys for plaintiff
                Gowanus Industrial Park, Inc.
                185 Madison Avenue, 7th Floor
                New York, New York 10016
                (212) 725-4423