```
UNITED STATES DISTRICT COURT              FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
                                         :
GOWANUS INDUSTRIAL PARK, INC.,           :
                                         :
                        Plaintiff,       :   MEMORANDUM
                                         :   AND ORDER
          -against-                      :
                                         :   10-CV-05522 (JG) (JO)
HESS CORP.,                              :
                                         :
                        Defendant.       :
-----------------------------------------------------x
```

A P P E A R A N C E S:

    HINMAN, HOWARD & KATTELL, LLP
        185 Madison Avenue, 7th Floor
        New York, New York 10016
    By:    Joseph Noah Paykin
        *Attorney for Plaintiff*

    PROSKAUER ROSE, LLP
        11 Times Square
        New York , New York 10036
    By:    Charles S. Sims
        *Attorney for Defendant*

JOHN GLEESON, United States District Judge:

Gowanus Industrial Park, Inc. ("GIP") initiated this action against Hess Corp. ("Hess") on November 30, 2011. Familiarity with the facts is assumed. *See Gowanus Indus. Park, Inc. v. Hess Corp.*, No. 10-cv-5522 (JG) (SMG), 2011 WL 1431621 (E.D.N.Y. April 8, 2011) (Mem. Inviting *Amicus Curiae* Brief); Order Addressing Scope of Hearing, Apr. 19, 2011, ECF. No. 22 ("Order Addressing Hearing"). In brief, GIP alleges that it holds title to certain underwater property at the Henry Street Basin, and that Hess, an adjacent uplands owner, wrongfully built a bulkhead that encroaches on that property. GIP asserts that a fence and piping constructed by Hess on top of the bulkhead constitute a trespass and a nuisance for which it

seeks damages and injunctive relief. GIP further seeks several declarations regarding the status of the disputed property and the bulkhead. On February 18, 2011, Hess filed a motion under Fed. R. Civ. P. 12(b)(6) seeking to dismiss GIP's complaint in its entirety because GIP does not hold title to the property at issue or, in the alternative, to dismiss GIP's trespass and nuisance claims because they are barred by *res judicata* in light of an earlier action between the same parties ("*GIP I*"). *See Gowanus Industrial Park, Inc. v. Amerada Hess Corp.*, No. 01-CV-0902 (ILG), 2003 WL 22076651 (E.D.N.Y. Sept. 5, 2003) ("*GIP I*"). Oral argument on the motion to dismiss was held on March 29, 2011. At that time, I granted GIP leave to amend its complaint, which it did on April 5, 2011. By order dated April 7, 2011, I deemed Hess's challenges to the initial complaint to have been made against the amended complaint and reserved decision on the motion. I now deny Hess's motion to dismiss in part. Specifically, I hold that if GIP acquired title to the property subsequent to the disposition of *GIP I* – an issue I have yet to decide – its trespass and nuisance claims are not barred by *res judicata* or collateral estoppel.[1]

## DISCUSSION

A.  *The Rule 12(b)(6) Legal Standard*

To survive a motion under Rule 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim is facially plausible only if the pleaded facts permit a court to reasonably infer that the plaintiff is entitled to relief. *Id*. *Res judicata* and collateral estoppel are proper bases for dismissal under Rule 12(b)(6) when they are

---

[1] As I mentioned, I do not now address Hess's argument that GIP's claims should be dismissed because it does not hold title to the property. I reserve judgment on that portion of Hess's motion and assume for the purposes of this memorandum and order that GIP has obtained title since the 2003 disposition of *GIP I*. I recognize that if GIP does not have title, it may still attempt to assert claims for trespass and nuisance on the basis that it exercises a possessory interest in the property. Nothing in this memorandum and order should be read to address the *res judicata* or collateral estoppel effects of *GIP I* in the event that GIP does not now hold title to the property. I hold only that if GIP has acquired title since 2003, *res judicata* and collateral estoppel do not bar the present action. I reserve judgment on all other aspects of Hess's February 18, 2011 motion to dismiss.

raised as affirmative defenses, and "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Conopco, Inc. v. Roll Intern.*, 231 F.3d 82, 86 (2d Cir. 2000); *see also Kowalczyk v. Gilroy*, 166 F.3d 1200 (2d Cir. 1998) (claim dismissed on basis of collateral estoppel); *Day v. Moscow*, 955 F.2d 807 (2d Cir. 1992) (claim dismissed as *res judicata*). When deciding a Rule 12(b)(6) motion, I must accept all factual allegations in the complaint as true and draw all reasonable inferences in the non-movant's favor. *Shomo v. City of New York*, 570 F.3d 176, 183 (2d Cir. 2009).

B.  *Res Judicata*

"Under both New York law and federal law, the doctrine of *res judicata*, or claim preclusion, provides that a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action." *Duane Reade, Inc. v. St. Paul Fire and Marine Ins. Co.*, 600 F.3d 190, 195 (2d Cir. 2010) (internal quotation marks and alterations omitted). Once a claim is brought to judgment on the merits, "all other claims arising out of the same 'transaction' are barred[.]" *Burch v. Trustees of Freeholders and Commonalty of Town of Southampton*, 849 N.Y.S.2d 622, 625 (2d Dep't 2008) (citing *O'Brien v. Syracuse*, 54 N.Y.2d 353, 357 (1981)); *see also Waldman v. Village of Kiryas Joel*, 207 F.3d 105, 108 (2d Cir. 2000) (claims are barred when they "spring from the same 'transaction' or 'claim'" as gave rise to an earlier suit resolved on the merits (internal quotation marks omitted))*.* However, "the circumstances that several operative facts may be common to successive actions between the same parties does not mean that the claim asserted in the second is the same claim that was litigated in the first, and that litigation of the second is therefore precluded by the judgment in the first." *NLRB v. United Technologies Corp.*, 706 F.2d at 1254, 1259-60 (2d Cir. 1983). Whether

3

an action is precluded by a prior action will depend in part on "whether the facts essential to the second were present in the first." *Id*. at 1260; *see also* Restatement (Second) of Judgments § 24 cmt. f ("Material operative facts occurring after the decision of an action with respect to the same subject matter may in themselves, or taken in conjunction with the antecedent facts, comprise a transaction which may be made the basis of a second action not precluded by the first.").

Hess contends that GIP's trespass and nuisance claims are barred in light of *GIP I*. According to Hess, *GIP I* arose out of the same transaction as the present case and was decided on the merits in a decision by Judge Glasser. *See GIP I*, 2003 WL 22076651. GIP alleged then, as it does now, that it held title to the property underlying the Henry Street Basin and that Hess had constructed a bulkhead that lay partially on GIP's side of the property line. GIP sought declaratory relief as well as compensatory and punitive damages for trespass. On cross-motions for summary judgment, Judge Glasser held that the bulkhead lay partially within the property to which GIP claimed title, but that GIP did not own the property. GIP claimed to have obtained title from the New York Port Authority, but Judge Glasser held that the Port Authority had authority to convey the property only to New York State. Judge Glasser further found that GIP had not shown a possessory interest sufficient to support a claim for trespass absent proof of ownership. Accordingly, he granted GIP the declaration it sought that the bulkhead lay within the property at issue and otherwise dismissed GIP's claims.

GIP alleges that it has acquired title to the property since the disposition of *GIP I*. According to the amended complaint, the State conveyed the property to GIP by letters patent on April 1, 2005, subsequent to Judge Glasser's 2003 opinion. Hess maintains that the 2005 transaction did not successfully vest title in GIP. But even if GIP did obtain title, Hess argues, its trespass and nuisance claims are barred by *res judicata* because GIP has not alleged any

4

"materially changed facts" that could not have been raised at the time *GIP I* was resolved. Def.'s Mem. Support Mot. Dismiss 13, Feb. 18, 2011, ECF No. 6. I disagree. Judge Glasser's decision in *GIP I* rested entirely on Gowanus's failure to show that it had either obtained title or exercised possession over the property. If GIP has obtained title since 2003, that constitutes a material operative fact not present at the time of *GIP I* and prevents application of *res judicata*. *See Barrows v. Kindred*, 71 U.S. 399, 404 (1866) (plaintiff in an ejection action had had judgment rendered against him in prior ejection action, which was "conclusive as to his want of title at that time . . . [b]ut did not deprive [plaintiff] of the right to acquire a new and distinct title[,] and, having done so . . . assert it, without prejudice from the former suit").[2]

Accordingly, if GIP acquired title to the property at issue in 2005, the principle of *res judicata* does not bar its trespass and nuisance claims.

B.  *Collateral Estoppel*

Hess also argues that GIP's claims are barred by collateral estoppel, or issue preclusion, even if GIP has acquired title to the property. At the March 29, 2011 oral argument, I determined that, if GIP possesses title, resolution of its trespass and nuisance claims will require a balancing of GIP's ownership rights against Hess's riparian rights. *See* Order Addressing Hearing 4; *see also GIP I*, 2003 WL 22076651, at *16 ("The issue here therefore is whether the bulkhead's existence is necessary in order to assure Hess's reasonable access to navigable waters and, if so, whether its continued existence would seriously impair or destroy GIP's rights as the

---

[2] Hess has directed my attention to *Lighthouse 925 Hempstead, LLC v. Citibank, N.A.*, 889 N.Y.S. 188 (2d Dep't 2009), which it describes as "particularly instructive." Def.'s Mem. 18. That case is readily distinguishable from the one now before me. In *Lighthouse 925*, the defendant had leased certain premises from the plaintiff and, when the lease expired, failed to remove an ATM before surrendering the premises. The plaintiff first brought an action alleging breach of contract for failure to remove the ATM. The action was dismissed on the merits. The plaintiff then brought a second action alleging that the ATM constituted a continuing trespass. The Appellate Division, Second Department, held that the second suit was barred by *res judicata* because it concerned the same transaction as formed the basis of the first suit, and the trespass claim could have been raised in the original action. In *Lighthouse 925*, all material facts asserted in the second action were present at the time of the first action. That is not the case here, as GIP alleges that it has obtained title since the disposition of *GIP I*.

5

purported possessor of the submerged lands."). Hess responded that I am precluded from conducting such an inquiry. According to Hess, Judge Glasser held in *GIP I* that there was "no occasion for that balancing" in light of GIP's "bare bones complaint." Trans. March 29, 2011 Proceedings 7. Hess argues that GIP's pleadings in this action are substantially the same as those in *GIP I*, in that they contain no "particular allegations of possession and use [by GIP] to weigh in the balance" against what Hess describes as "the obvious and judicially found interests of the residents of New York City, who don't, after all, want the oil to be spilling into the water." *Id*. 10. Therefore, Hess continues, I am bound by Judge Glasser's opinion to find that GIP has alleged no facts that can weigh in its favor and to dismiss GIP's trespass and nuisance claims without conducting the balancing prescribed by New York law.[3] This argument mischaracterizes the nature of Judge Glasser's holdings in *GIP I*.

Judge Glasser did not decide that Hess' interests as a riparian rights holder necessarily outweigh GIP's interests as a property owner.[4] He held that even if GIP had established ownership or possession so that a balancing of rights was called for, "neither party presented facts regarding the reasonableness of maintaining the bulkhead," and that summary judgment regarding Hess's riparian rights "would not be available to either party based on the reasonableness of maintaining the bulkhead." *GIP I*, 2003 WL 22076651, at *16. Judge Glasser further left open the question of whether the bulkhead constitutes an exercise of riparian rights that deserves any weight, given that it "does not provide access [to the waterway] per se." *Id*. at

---

[3] It is unclear whether Hess would maintain its position in light of GIP's amended complaint, which alleges facts pertaining to the specific uses GIP would make of its property if not prevented by the presence of Hess's bulkhead.

[4] Even if he had made such a finding, it would have been dicta, not necessary to his holding, which was premised on GIP's failure to establish ownership or possession. *See GIP I*, 2003 WL 22076651, at *13 ("Hess additionally argues that [its] riparian rights permit it to maintain the bulkhead in its current location . . . . Although the Court is well aware of Sir Francis Bacon's observation that 'an over-speaking judge is no well-tuned cymbal,' it ventures to address these additional arguments."). Collateral estoppel therefore would not apply.

6

*15. Accordingly, Judge Glasser explicitly refrained from deciding whether maintenance of the bulkhead constitutes a reasonable exercise of Hess's riparian rights.

In New York, collateral estoppel has two essential elements. 'First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination.'" *Jenkins v. City of New York*, 478 F.3d 76, 85 (2d Cir. 2007) (quoting *Juan C. v. Cortines*, 89 N.Y.2d 659, 667 (1997)). The first element has not been satisfied. Accordingly, if GIP holds title to the property at issue, its trespass and nuisance claims are not collaterally estopped.

## CONCLUSION

For the reasons stated above, Hess's February 18, 2011 motion to dismiss is denied in part. Assuming that GIP holds title to the property at issue, its trespass and nuisance claims are not barred by *res judicata* or collateral estoppel.

So ordered.

John Gleeson, U.S.D.J.

Date: May 13, 2011
       Brooklyn, New York