UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

GOWANUS INDUSTRIAL PARK, INC.

Civil Action No.:
10-05522 (JG) (JO)

Plaintiff,

-against-

**AFFIDAVIT OF
JOHN QUADROZZI, JR.
IN SUPPORT OF
GOWANUS INDUSTRIAL
PARK, INC'S MOTION FOR
SUMMARY JUDGMENT**

HESS CORP.,

Defendant.
-------------------------------------------------------------X

State of New York  )
                   ) ss.:
County of Kings    )

John Quadrozzi, Jr., being duly sworn deposes and says as follows:

1.      I am the president of plaintiff Gowanus Industrial Park, Inc. ("GIP") and am submitting this affidavit based upon my own personal knowledge in support of GIP's motion for summary judgment against defendant Hess Corp. ("Hess").

2.      In 1997, Gowanus Industrial Park, Inc. ("GIP") acquired certain parcels ("Parcels") of land located in Brooklyn, New York, which include a rectangular piece of land currently underwater known as the Henry Street Basin ("Basin") pursuant to a quitclaim deed dated February 26, 1997 ("Quitclaim Deed") from the Port Authority of New York, New Jersey.

3.      On its easterly side, the  Basin abuts a bulkhead ("Bulkhead"). On top of the Bulkhead Hess has constructed a fence ("Fence") and piping ("Piping") which are within the  within the confines of the Parcels as shown by the survey annexed hereto as Exhibit 1. The location of the Fence and Piping as on the Parcels is hereby referred to as the "Encroached Property".

4.      In March, 1998, GIP sent Hess a letter advising it of its trespass on the Encroached Property. Hess responded on March 18, 1998 and requested copies of the deed and title work to the property as well as the survey. (A copy of such correspondence is annexed hereto as Exhibit 2.) On or about March 20 2008, GIP sent a written response, a copy (without enclosures) of which is annexed hereto as Exhibit 3 enclosing the requested survey. On May 20, 2008, GIP sent Hess another letter enclosing an additional survey. (A copy of such letter, complete with attachments is annexed hereto as Exhibit 4).

5.      Despite such notice, Hess refused to vacate the Encroached Property, and in 2001, GIP commenced an action against Hess in the United States District Court for the Eastern District of New York ("First Hess Action") seeking, among other things:  a declaratory judgment that: (i) the bulkhead is within the Parcels; (ii) GIP is the sole and exclusive legal and equitable owner of the Parcels; (iii) GIP is entitled to sole, exclusive and unfettered use of and access to the Bulkhead; and (iv) Hess has no legal or equitable claim to the ownership or use of the bulkhead.

6.      On September 5, 2003, The Court issued an order in the First Hess Action ("Order") which held that the Bulkhead lies within the Parcels, but denied the other the relief sought by GIP.   Gowanus Industrial Park v. Amerada Hess Corp., 2003WL22076651 (SDNY 2003).

7.      After the issuance of the Order, the Port Authority of New York and New Jersey conveyed title in the Parcels via quitclaim deed to the State of New York on November 29, 2004 ("PA Quitclaim Deed" a copy of which is annexed hereto as Exhibit 5 ). The State of New York then conveyed the Parcels to GIP by letters patent ("Letters Patent," a copy of which is annexed as hereto as Exhibit 6).

8.      On June 24, 2008, GIP again demanded that Hess cease and desist from its acts of trespass (a copy of the demand letter is annexed hereto as Exhibit 7). Hess refused to do so, and

GIP commenced this action alleging claims of trespass, private nuisance and seeking a declaratory judgment that Hess has no littoral rights.

9.    To my knowledge, Hess does not use the water adjacent to the Bulkhead for any marine purposes. In addition, the Fence does not contain a gate and precludes Hess from access to the water adjacent to the Bulkhead. There is no reason that the Fence and Piping cannot be relocated so that they are on Hess's own property.

As a result of the foregoing, I respectfully request that the Court grant GIP's motion for summary judgment and for such other and different relief as this Court deems just and proper.

John Quadrozzi, Jr.

Sworn to before me this
13 day of July, 2011

Notary Public

JOSEPH N. PAYKIN
Notary Public, State of New York
No. 02PA5018218
Residing in West
Commission Expires 12/30/20 13

3

**EXHIBIT 1**

SURVEY OF PROPERTY
BROOKLYN
PREPARED FOR
GOWANUS INDUSTRIAL PARK INC.

ALBERT A. BIANCO

ALL ZONED M3-1

AREA:
AREA UPLAND = 539 455.7 SQ. FT. = 12.3842 ACRES
AREA UNDER WATER = 1 441 720.8 SQ. FT. = 33.0974 ACRES

TOTAL AREA = 1 981 176.5 SQ. FT. = 45.4816 ACRES

TITLE NO. 517 K 00083

GUARANTEED TO: — FIRST AMERICAN TITLE INSURANCE
COMPANY OF NEW YORK
— HOME ABSTRACT CORP.

SECTION: 2
BLOCK: 614
LOT: 1

Ref. No. BK. 5838-32-614

**EXHIBIT 2**

# AMERADA HESS CORPORATION

**GARY S. MARGIOTTA**
General Attorney

1 HESS PLAZA
WOODBRIDGE, NJ 07095
TELEPHONE (732) 750-7123
FACSIMILE (732) 750-6944

March 18, 1998

**VIA FACSIMILE & REGULAR MAIL**
John Quadrozzi, Jr.
Gowanus Industrial Park, Inc.
P.O. Box 920381
Arverne, NY 11692-0381

Re: **Hess Brooklyn Terminal**

Dear Mr. Quadrozzi:

Thank you for your letter of March 13, 1998, which I received by fax on the afternoon of March 16, 1998. Unfortunately, we have had difficulty locating our terminal engineering and project files, which are stored in archives. We will review those files once they are retrieved from storage, and will respond as promptly as possible. In the meantime, please assist us in our review of your claim by providing copies of the following information or documentation:

1. A complete survey which you reference was performed on December 12, 1996.

2. Deeds and title work concerning your acquisition of the property.

3. Documentation to support your claim that you own the Henry Street Basin up to our property line.

With this information, and hopefully our own information and documents retrieved from storage, we will be able to respond to your letters. It is possible that Hess may need to have its own survey performed in order to verify this information.

We apologize again for the delay. We desire to resolve this matter amicably and will look forward to reviewing whatever additional information you could provide to help demonstrate your claim.

T.E.&C.

☐ FACILITY
☐ PROJECT
☐ RETURN TO

GSE( Brooklyn

PLAINTIFF'S EXHIBIT
7-7-11
NO. 3

HESS0000588

Page 2
John Quadrozzi, Jr.
March 18, 1998


Please feel free to contact me with any questions.

Very truly yours,

Gary S. Margiotta

GSM/rm

cc:    F. L. Clark
       M. J. Klinger
       A. J. Bodak
       G. Edge

HESS0000589

**EXHIBIT 3**

CC: F.L. CLARK
A. BODAK
G.S. EDGE
M. SAFINO

# GOWANUS INDUSTRIAL PARK, INC. *Gary Margiotta*

P.O.Box 920381, Arverne, NY 11692-0381 Tel (718) 318-5625 Fax (718) 318-2801

## FACSIMILE COVER SHEET

DATE: **3-20-98** FAX # **732-750-6944**

TO: **G. Margiotta, Esq** CO: **AMERADA HESS**

FROM: **J Quadrotti**

RE: **Henry Street Basin**

TOTAL PAGES INCLUDING THIS SHEET **2**

*Enclosures being mailed.*

PLAINTIFF'S
EXHIBIT
7-7-11
NO. 4

THIS TRANSMITTAL IS INTENDED FOR THE USE OF THE INDIVIDUAL TO WHOM IT IS ADDRESSED. THIS TRANSMITTED DOCUMENT MAY CONTAIN
INFORMATION THAT IS CONFIDENTIAL AND PRIVILEGED. PLEASE AFFORD THIS DOCUMENT THE COURTESY IT DESERVES. IF YOU HAVE NOT
RECEIVED THE NUMBER OF PAGES INDICATED ABOVE, PLEASE CALL US AT 718-318-5625.
FAXCOVER/GOWANUS

HESS0000586

# GOWANUS INDUSTRIAL PARK, INC.

## P.O. Box 920381, Arverne, NY 11692-0381 Tel: (718) 318 5625   Fax: (718) 318-2801

March 20, 1998

VIA TELECOPIER & USPS

Amerada Hess Corporation
Gary S. Margiotta, Esq.
1 Hess Plaza
Woodbridge, NJ 07095

RE: Henry Street Basin

Dear Mr. Margiotta,

We wish to be as helpful as possible in order to resolve this matter as expeditiously as possible as we are considering the referenced area for immediate use. Our interest is to clarify any questions or doubts about the boundary and to act as 'good neighbors' at an early stage of our ownership rather than operate under any misconceptions.

Gowanus Industrial Park Inc. purchased the property from the Port Authority February 27, 1997 and its title was duly and properly recorded, as undoubtedly you may discover from public records. The extent of the purchase is all that land and water previously owned by the Port Authority, including the Henry Street Basin, described in the deed as enclosed, which we received without notice of any leases or licenses over any part thereof.

The survey was carried out by a reputable firm sufficient for the title guarantee company and a copy of it is enclosed. I believe we already gave a copy to your colleagues of that part covering the Henry St. Basin. As per your request, enclosed please find a copy of an original complete survey.

It would be helpful if you could reciprocate by providing similar information yourself and also, if you decide to commission your own survey, a copy of that.

I look forward to your prompt reply.

Sincerely,

*John Quadrozzi Jr./KB*

John Quadrozzi Jr.

cc: M. Mendlowitz

Enclosures:
1. Survey
2. Description by metes and bounds of Parcel 2 (Henry Street Basin) as it appears in deed.

HESS0000587

**EXHIBIT 4**

# GOWANUS INDUSTRIAL PARK, INC.

699 COLUMBIA STREET, BROOKLYN, NEW YORK 11231

Mailing Address: P.O. Box 920381, Arverne, New York 11692-0381

Telephone (718) 318-5625  Telecopier (718) 318-2801

May 20, 1998

Amerada Hess Corporation
Gary S. Margiotta, Esq.
1 Hess Plaza
Woodbridge, NJ 07095

RE: Property Line

Dear Mr. Margiotta:

As per our phone conversation enclosed you will find a reproduction (reduced) of a 1945 survey of the easterly side of the Henry Street Basin performed by Bartlett, Ludlam and Dill, dated August 2, 1945.

I hope that this will save time and money and result in a more expeditious resolution to this issue.

Sincerely,

Marc Mendlowitz
Public Relations

CC: John Quadrozzi, Jr.

HESS.03/GOWANUS



PLAINTIFF'S
EXHIBIT
77-11
NO. 1

HESS0000640



HESS0000641



HESS0000642



HESS0000643



PUBLIC PARK

HALLECK ST.

PROPERTY OF THE PORT OF NEW YORK AUTHORITY

HESS0000644

**EXHIBIT 5**

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City
Register will rely on the information provided
by you on this page for purposes of indexing
this instrument. The information on this page
will control for indexing purposes in the event
of any conflict with the rest of the document.

2005032301521001002EC2DC

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 8 |
|---|---|---|
| Document ID: 2005032301521001 | Document Date: 11-29-2004 | Preparation Date: 03-23-2005 |

Document Type: DEED
Document Page Count: 7

| PRESENTER: | RETURN TO: |
|---|---|
| LT SERVICE CORP. AS AGENTS FOR OLD REPUBLIC<br>331 MADISON AVENUE 9FL<br>NEW YORK, NY 10017<br>212-599-1300<br>05030022 | JAMES KLATSKY, ESQ.<br>RAICE PAYKIN GREENBLATT LESSER & KRIEG<br>185 MADISON AVENUE, 10TH FLOOR<br>NEW YORK, NY 10016 |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 614 | 1 | Entire Lot | 685 COLUMBIA STREET |

Property Type: INDUSTRIAL BUILDING

**CROSS REFERENCE DATA**

CRFN_____ or Document ID_____ or _____ Year_____ Reel _____ Page _____ or File Number_____

**PARTIES**

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| PORT AUTHORITY OF NY AND NJ<br>225 PARK AVENUE SOUTH<br>NEW YORK, NY 10003 | NYS OFFICE OF GENERAL SERVICES<br>MAYOR ERASTUS CORNING - 2ND TOER<br>ALBANY, NY 11111 |

**FEES AND TAXES**

| Mortgage | | | |
|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | |
| Taxable Mortgage Amount: | $ | 0.00 | |
| Exemption: | | | |
| TAXES: County (Basic): | $ | 0.00 | |
| City (Additional): | $ | 0.00 | |
| Spec (Additional): | $ | 0.00 | |
| TASF: | $ | 0.00 | |
| MTA: | $ | 0.00 | |
| NYCTA: | $ | 0.00 | |
| Additional MRT: | $ | 0.00 | |
| TOTAL: | $ | 0.00 | |

| Recording Fee: $ | 72.00 |
|---|---|
| Affidavit Fee: $ | 0.00 |

NYC Real Property Transfer Tax Filing Fee:
$ 165.00

NYS Real Estate Transfer Tax:
$ 0.00

**RECORDED OR FILED IN THE OFFICE**
**OF THE CITY REGISTER OF THE**
**CITY OF NEW YORK**
Recorded/Filed    04-01-2005 15:25
City Register File No.(CRFN):
2005000189167

NYC HPD Affidavit in Lieu of Registration Statem

*City Register Official Signature*

### QUITCLAIM DEED

THIS INDENTURE, made the _____29ᵗʰ_____ day of _____November_____, two thousand and four, between THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, a body corporate and politic created by Compact between the States of New York and New Jersey with the consent of the Congress of the United States of America, having its principal executive office at 225 Park Avenue South, New York, New York (the "Port Authority" or the "party of the first part"), and the STATE OF NEW YORK, acting through its OFFICE OF GENERAL SERVICES, having its principal office at Mayor Erastus Corning 2ⁿᵈ Tower, The Governor Nelson Rockefeller Empire State Plaza, Albany, New York ("NYS" or the "party of the second part");

WITNESSETH, the purpose of this indenture is to correct a defect in title created by an indenture made the 26ᵗʰ day of February, 1997 between the Port Authority, as Grantor to GOWANUS INDUSTRIAL PARK, INC., as Grantee (hereinafter referred to as "GIP") recorded on March 17, 1997 in Reel 3901 at Page 1822 in the Office of the Kings County Register, Borough of Brooklyn, City and State of New York, whereby the Port Authority did remise, release and quitclaim unto the Grantee, its successors and assigns, forever, the within described Premises,

WITNESSETH, that the aforesaid quitclaim conveyance was determined to be a nullity in a Memorandum and Order dated September 5, 2003 of the United States District Court, S.D. New York in the matter of Gowanus Industrial Park, Inc., Plaintiff, v. Amerada Hess Corp., Defendant, No. 01-CV-0902 (ILG) (the "Order") citing 1944 N.Y. Laws Ch. 410 Section 3(c) and N.Y. Canal Law, Art. I-A Section 5, creating a defect in title whereby no legal or equitable title vested in GIP by said conveyance, rather, title remains vested in the Port Authority;

WITNESSETH, GIP desires to cure the defect in title and has requested the Port Authority to deliver a deed for the within Premises to NYS in conformance with 1944 N.Y. Laws Ch. 410 Section 3(c), upon which NYS would convey the within Premises to

GIP, accordingly, the Port Authority, as the party of the first part, in consideration of such good and other valuable consideration including the Indemnification Agreement made as of the date hereof by and between GIP and, the Port Authority and NYS to be recorded contemporaneously with this correction deed, does hereby remise, release and quitclaim unto the NYS as the party of the second part, its successors and assigns, forever,

ALL those certain plots, pieces or parcels  of land with all structures and improvements thereon, if any, (the "Premises") situated, lying and being in the Borough of Brooklyn, County of Kings and City and State of New York. bounded and described as follows (the "Premises"):

## PARCEL I

All that certain tract, piece or parcel of land, lying and being in the Borough (formerly City) of Brooklyn, County of Kings, City and State of New York, generally bounded and described as follows (all bearings being referred to the true meridian):

Beginning at the point of intersection of the southerly side of Bay Street as widened to eighty feet on its southerly side by an ordinance of the Common Council of the City of Brooklyn, passed December fourth, eighteen hundred seventy-six, with the easterly side of Henry Street as relocated and established south of Bay Street by said ordinance of said Council; thence from said point of beginning easterly and southeasterly along the southerly Side of said Bay Street one hundred ninety-five feet more or less to a point in the westerly side of the Henry Street Basin, as established by an act of the New York State Legislature in Chapter three hundred ninety-eighty of the laws of eighteen hundred seventy-five and approved by the Secretary of War of the United States of America, March fourth, eighteen hundred ninety; thence southerly and southwesterly along the westerly side of said Henry Street Basin, as laid out aforesaid, two thousand four hundred ninety-one and forty-nine hundredths feet more or less to a point in the exterior sea wall line as established by said act of the New York State Legislature and

approved by the Secretary of War as aforesaid; thence southerly and southwesterly along said exterior sea wall line as laid out aforesaid, one thousand thirty-six and nineteen hundredths feet more or less to a point in the easterly side of Columbia Street as relocated and established south of Halleck Street by said ordinance of said Council; thence northerly and northeasterly along the easterly side of said Columbia Street one thousand nine hundred sixty-seven and forty hundredths feet to a point in the southerly line of lands conveyed by the State of New York to the City of New York by letters-patent dated June eighth, nineteen hundred thirty-five; thence south sixty-nine degrees, forty-five minutes, fifty-three seconds east, along said southerly line of lands conveyed as aforesaid, six hundred twenty-five feet to the easterly line of lands conveyed as aforesaid; thence north twenty-four degrees, two minutes, forty-four seconds east, along said easterly line of lands conveyed as aforesaid, six hundred one and ninety-two hundredths feet to the point of intersection of said easterly side of Henry street as aforesaid with the southerly side of Halleck street as laid out and established by the aforesaid ordinance; thence northerly and northeasterly along the easterly side of said Henry Street five hundred feet more or less to the point of beginning.

Excluding therefrom the following described parcel of land:

All that parcel of land in the twelfth ward of the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

Beginning at the point of intersection of the southerly side of Bay Street as widened to eighty feet on its southerly side by an ordinance of the Common Council of the City of Brooklyn, passed December fourth, eighteen hundred seventy-six, with the easterly side of Henry Street as relocated and established south of Bay Street by said ordinance of said Council; thence from said point of beginning easterly along the southerly side of said Bay Street one hundred ninety-five feet to a point in the westerly side of the Henry Street Basin, as established by said act of the New York State Legislature and approved by the Secretary of War as aforesaid, thence southerly along the westerly side of said Henry Street Basin as laid out aforesaid, four hundred seventy

feet to a point in the southerly line of Halleck Street, as prolonged northwesterly, as now laid out upon the map of the City of New York; thence westerly along said southerly line of Halleck Street, as prolonged, one hundred ninety-five feet to a point in the easterly side of Henry Street as established by ordinance of the Common Council of the City of Brooklyn passed December fourth, eighteen hundred seventy-six; thence northerly along said easterly line of Henry Street four hundred seventy feet to the point or place of beginning.

PARCEL 2

All that certain tract, piece or parcel of land, lying and being in the Borough (formerly City) of Brooklyn, County of Kings, City and State of New York, generally bounded and described as follows (all bearings being referred to the true meridian):

Beginning at the point of intersection of the easterly side of Henry Street Basin, as established by an act of the New York State Legislature in Chapter three hundred ninety-eight of the laws of eighteen hundred seventy-five and approved by the Secretary of War of the United States of America, March fourth, eighteen hundred and ninety, with the southerly side of Halleck Street as now laid out upon the map of the City of New York; thence from said point of beginning southwesterly, along the easterly side of said Henry Street Basin, established as aforesaid, one thousand eight hundred sixty-one feet to the southeasterly corner of said Henry Street Basin, established as aforesaid, and a point in the exterior sea wall line, as established by said act of the New York State Legislature and approved by the Secretary of War as aforesaid; thence southwestwardly, across said Henry Street Basin, established as aforesaid, two hundred fifty-seven feet to the point of intersection of the exterior sea wall line, as established aforesaid, with the westerly side of said Henry Street Basin, as established aforesaid, at the southwesterly corner thereof; thence northeastwardly, along said westerly side of said Henry Street Basin, as established aforesaid, two thousand twenty-one and forty-nine hundredths feet more or less to a point in the United States pierhead and bulkhead line as approved by the Secretary of War of the United States of America on November thirteenth, nineteen

Correction deed PA to NYS                    -4-

hundred and forty, which point is in the prolongation of said southerly side of Halleck Street, as now laid out aforesaid, distant four hundred seventy feet southwesterly from the southerly side of Bay Street as widened to eighty feet on its southerly side by an ordinance of the Common Council of the City of Brooklyn, passed December fourth, eighteen hundred seventy-six, measured at right angles thereto; thence southeastwardly, along said southerly line of Halleck Street as prolonged and along said United States pierhead and bulkhead lines, approved as aforesaid, and parallel with said southerly side of Bay Street, two hundred feet to the point or place of beginning.

Being shown and designated as Lot 1 and in Block 614 on the Tax Map of the City of New York.

The foregoing remise and quitclaim and this deed are subject to such state of facts as an accurate survey or personal inspection may reveal or show, any and all easements, reservations, limitations, restrictions, agreements and covenants of record and any other matters that might be revealed by an up-to-date title report, and building and zoning restrictions and regulations contained in any resolution or ordinance adopted by the City of New York.

THIS DEED is delivered by the Port Authority to, and accepted by the State of New York acting through its Office of General Services, and affirmed by Gowanus Industrial Park Inc., as a correction deed conveyed for the purpose of curing the defect in title created by the deed dated February 26, 1997.

TO HAVE AND TO HOLD the Premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

(REMAINDER OF PAGE INTENTIONALLY LEFT BLANK)

IN WITNESS WHEREOF, the party of the first part, the party of the second

part and GIP executed this Deed the day and year first above written.

ATTEST:                        THE PORT AUTHORITY OF NEW YORK
                               AND NEW JERSEY

By: _____      By: _____
Title _Secretary_              le: _EXECUTIVE DIRECTOR_

ATTEST:                        THE STATE OF NEW YORK,
                               acting through its
                               Office of General Services

By: _____      By: _____
Title _t/H/p_                  Title: _First Deputy Commissioner_

ATTEST:                        GOWANUS INDUSTRIAL PARK, INC.

By: _____      By: _____
Title. _____         Title: _____

STATE OF NEW YORK          )
                           ) ss:
COUNTY OF NEW YORK         )

On the 29th day of 27th ~November in the year 2004 before me, the undersigned, a Notary Public in and for said State, personally appeared _Kenneth J. Ringler, Jr._ personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity, and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

                                        _Marie M. Edwards_
                                        Notary Public

                                        Marie M. Edwards
                                        Notary Public, State of New York
                                        No. 01ED4959693
                                        Qualified in Kings County
                                        Commission Expires 1/6/2006

STATE OF NEW YORK          )
                           ) ss:
COUNTY OF _Albany_         )

On the 15th day of _November_ in the year 2004 before me, the undersigned, a Notary Public in and for said State, personally appeared _Robert J. Fleury_ personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity, and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

                                        _____
                                        Notary Public

                                        THOMAS A. POHL
                                        Notary Public, State of New York
                                        Qualified in Rensselaer County
                                        No. 02PO6135511
                                        My Commission Expires 7/31/05

STATE OF NEW YORK          )
                           ) ss:
COUNTY OF _NEW YORK_       )

On the 19th day of _October_ in the year 2004 before me, the undersigned, a Notary Public in and for said State, personally appeared _John A. McKozzi, Jr._ personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity, and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

                                        _____
                                        Notary Public

Correction deed PA to NYS                 -7-

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

20050323015210010025OC5D

| SUPPORTING DOCUMENT COVER PAGE | | PAGE 1 OF 1 |
|---|---|---|
| Document ID: 2005032301521001 | Document Date: 11-29-2004 | Preparation Date: 03-23-2005 |
| Document Type: DEED | | |

**ASSOCIATED TAX FORM ID:** 2005032300526

**SUPPORTING DOCUMENTS SUBMITTED:**

Page Count

RP - 5217 REAL PROPERTY TRANSFER REPORT                1

**REAL PROPERTY TRANSFER REPORT**
STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

**RP - 5217NYC**
(Rev 11/2002)

**FOR CITY USE ONLY**

| C1. County Code | C2. Date Deed Recorded | Month | Day | Year |
|---|---|---|---|---|

| C3. Book OR C5. CRFN | | C4. Page | |

**PROPERTY INFORMATION**

1. Property Location: 690 | Columbia Street | Brooklyn
   STREET NUMBER | STREET NAME | BOROUGH | ZIP CODE

2. Buyer Name: State of New York Office of General Service
   LAST NAME / COMPANY | FIRST NAME
   LAST NAME / COMPANY | FIRST NAME

3. Tax Billing Address: Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)
   LAST NAME / COMPANY | FIRST NAME
   STREET NUMBER AND STREET NAME | CITY OR TOWN | STATE | ZIP CODE

4. Indicate the number of Assessment Roll parcels transferred on the deed | # of Parcels OR | Part of a Parcel
   4A. Planning Board Approval - N/A for NYC
   4B. Agricultural District Notice - N/A for NYC

5. Deed Property Size: FRONT FEET X DEPTH OR ACRES
   Check the boxes below as they apply:
   6. Ownership Type is Condominium
   7. New Construction on Vacant Land

6. Seller Name: The Port Authority of New York and New Jersey
   LAST NAME / COMPANY | FIRST NAME
   LAST NAME / COMPANY | FIRST NAME

9. Check the box below which most accurately describes the use of the property at the time of sale:

| A | One Family Residential | C | Residential Vacant Land | E | Commercial | G | Entertainment / Amusement | I | Industrial ✓ |
| B | 2 or 3 Family Residential | D | Non-Residential Vacant Land | F | Apartment | H | Community Service | J | Public Service |

**SALE INFORMATION**

10. Sale Contract Date | Month | Day | Year

11. Date of Sale / Transfer | 11 / 24 / 04 | Month | Day | Year

12. Full Sale Price
   ( Full Sale Price is the total amount paid for the property including personal property.
   This payment may be in the form of cash, other property or goods, or the assumption of
   mortgages or other obligations.)  *Please round to the nearest whole dollar amount.*

13. Indicate the value of personal property included in the sale

14. Check one or more of these conditions as applicable to transfer:

| A | Sale Between Relatives or Former Relatives |
| B | Sale Between Related Companies or Partners in Business |
| C | One of the Buyers is also a Seller |
| D | Buyer or Seller is Government Agency or Lending Institution |
| E ✓ | Deed Type not Warranty or Bargain and Sale (Specify Below) |
| F | Sale of Fractional or Less than Fee Interest (Specify Below) |
| G | Significant Change in Property Between Taxable Status and Sale Dates |
| H | Sale of Business is Included in Sale Price |
| I | Other Unusual Factors Affecting Sale Price (Specify Below) |
| J | None |

correction quitclaim deed

**ASSESSMENT INFORMATION** - Data should reflect the latest Final Assessment Roll and Tax Bill

15. Building Class | N/A
16. Total Assessed Value (of all parcels in transfer)

17. Borough, Block and Lot / Roll Identifier(s) ( if more than three, attach sheet with additional identifier(s) )

Brooklyn, Block 614 Lot 01

**CERTIFICATION**   I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

BUYER | BUYER'S ATTORNEY

**EXHIBIT 6**

A-90

FAX 212 684 8022                    PAYKIN GREENBLATT L & R                    005/012

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City
Register will rely on the information provided
by you on this page for purposes of indexing
this instrument. The information on this page
will control for indexing purposes in the event
of any conflict with the rest of the document.

2005032301877001001EB2F2

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 7 |
|---|---|---|
| Document ID: 2005032301877001 | Document Date: 12-15-2004 | Preparation Date: 03-23-2005 |
| Document Type: LETTERS OF PATENT | | |
| Document Page Count: 6 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| LT SERVICE CORP. AS AGENTS FOR OLD REPUBLIC<br>331 MADISON AVENUE 9FL<br>NEW YORK, NY 10017<br>212-599-1300<br>05030023 | JAMES KLATSKY, ESQ.<br>RAICE PAYKIN GREENBLATT AND LESSER<br>185 MADISON AVENUE, 10TH FLOOR<br>NEW YORK, NY 10016 |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 614 | 1 | Entire Lot | 685 COLUMBIA STREET |

Property Type: INDUSTRIAL BUILDING

**CROSS REFERENCE DATA**

CRFN_____ or Document ID_____ or ____ Year____ Real____ Page____ or File Number_____

**PARTIES**

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| PEOPLE OF THE STATE OF NEW YORK<br>CORNING TOWER, EMPIRE STATE PLAZA<br>ALBANY, NY 12242 | GOWANUS INDUSTRIAL PARK, INC.<br>699 COLUMBIA STREET<br>BROOKLYN, NY 11230 |

**FEES AND TAXES**

| Mortgage | | | | Recording Fee: | $ | 67.00 |
|---|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | Affidavit Fee: | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | | NYC Real Property Transfer Tax Filing Fee: | | 165.00 |
| Exemption: | | | | | | |
| TAXES: County (Basic): | $ | 0.00 | | NYS Real Estate Transfer Tax: | | 0.00 |
| City (Additional): | $ | 0.00 | | | | |
| Spec (Additional): | $ | 0.00 | | | | |
| TASF: | $ | 0.00 | | | | |
| MTA: | $ | 0.00 | | | | |
| NYCTA: | $ | 0.00 | | | | |
| Additional MRT: | $ | 0.00 | | | | |
| TOTAL: | $ | 0.00 | | | | |

A-91

*THE PEOPLE OF THE STATE OF NEW YORK, BY THE GRACE OF GOD, FREE AND INDEPENDENT*

## TO ALL WHOM THESE PRESENTS SHALL COME, GREETING:

*KNOW YE*, That, pursuant to Section 50 of the Public Lands Law and Findings of the First Deputy Commissioner of General Services dated December 15 , 2004 and in consideration of the sum of One Dollar ($1.00), and other good and valuable consideration paid by GOWANUS INDUSTRIAL PARK, INC., having an office and place of business at Pier 2, Sunset Park, Brooklyn, New York, we have remised, released and quitclaimed and by these presents do hereby remise, release and quitclaim unto the said GOWANUS INDUSTRIAL PARK, INC. its successors and assigns forever, all the right, title and interest of the People of the State of New York in and to the following described premises:

ALL those certain plots, pieces or parcels of land with all structures and improvements thereon, if any, situated, lying and being in the Borough of Brooklyn, County of Kings and City and State of New York, bounded and described as follows (the "Premises"):

### PARCEL 1

All that certain tract, piece or parcel of land, lying and being in the Borough (formerly City) of Brooklyn, County of Kings, City and State of New York, generally bounded and described as follows (all bearings being referred to the true meridian):

Beginning at the point of intersection of the southerly side of Bay Street as widened to eighty feet on its southerly side by an ordinance of the Common Council of the City of Brooklyn, passed December fourth, eighteen hundred seventy-six, with the easterly side of Henry Street as relocated and established south of Bay Street by said ordinance of said Council; thence from said point of

97

A-92

PAYKIN GREENBLATT L B R

beginning easterly and southeasterly along the southerly side of said Bay Street one hundred ninety-five feet more or less to a point in the westerly side of the Henry Street Basin, as established by an act of the New York State Legislature in Chapter three hundred ninety-eighty of the laws of eighteen hundred seventy-five and approved by the Secretary of War of the United States of America, March fourth, eighteen hundred ninety; thence southerly and southwesterly along the westerly side of said Henry Street Basin, as laid out aforesaid, two thousand four hundred ninety-one and forty-nine hundredths feet more or less to a point in the exterior sea wall line as established by said act of the New York State Legislature and approved by the Secretary of War as aforesaid; thence southerly and southwesterly along said exterior sea wall line as laid out aforesaid, one thousand thirty-six and nineteen hundredths feet more or less to a point in the easterly side of Columbia Street as relocated and established south of Hallock Street by said ordinance of said Council; thence northerly and northeasterly along the easterly side of said Columbia Street one thousand nine hundred sixty-seven and forty hundredths feet to a point in the southerly line of lands conveyed by the State of New York to the City of New York by letters-patent dated June eighth, nineteen hundred thirty-five; thence south sixty-nine degrees, forty-five minutes, fifty-three seconds east, along said southerly line of lands conveyed as aforesaid, six hundred twenty-five feet to the easterly line of lands conveyed as aforesaid; thence north twenty-four degrees, two minutes, forty-four seconds east, along said easterly line of lands conveyed as aforesaid, six hundred one and ninety-two hundredths feet to the point of intersection of said easterly side of Henry Street as aforesaid with the southerly side of Hallock Street as laid out and established by the aforesaid ordinance; thence northerly and northeasterly along the easterly side of said Henry Street five hundred feet more or less to the point of beginning.

Excluding therefrom the following described parcel of land:

98

A-93

11/20/2008 10:31 FAX  212 664 0022        PAVAIN BREENBLATT L & K                        ⓦ008/012

All that parcel of land in the twelfth ward of the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

Beginning at the point of intersection of the southerly side of Bay Street as widened to eighty feet on its southerly side by an ordinance of the Common Council of the City of Brooklyn, passed December fourth, eighteen hundred seventy-six, with the easterly side of Henry Street as relocated and established south of Bay Street by said ordinance of said Council; thence from said point of beginning easterly along the southerly side of said Bay Street one hundred ninety-five feet to a point in the westerly side of the Henry Street Basin, as established by said act of the New York State Legislature and approved by the Secretary of War as aforesaid; thence southerly along the westerly side of said Henry Street Basin as laid out aforesaid, four hundred seventy feet to a point in the southerly line of Hallock Street, as prolonged northwesterly, as now laid out upon the map of the City of New York; thence westerly along said southerly line of Hallock Street, as prolonged, one hundred ninety-five feet to a point in the easterly side of Henry Street as established by ordinance of the Common Council of the City of Brooklyn passed December fourth, eighteen hundred seventy-six; thence northerly along said easterly line of Henry Street four hundred seventy feet to the point or place of beginning.

PARCEL 2

All that certain tract, piece or parcel of land, lying and being in the Borough (formerly City) of Brooklyn, County of Kings, City and State of New York, generally bounded and described as follows (all bearings being referred to the true meridian):

Beginning at the point of intersection of the easterly side of Henry Street Basin, as established by an act of the New York State Legislature in Chapter

99

A-94

three hundred ninety-eight of the laws of eighteen hundred seventy-five and approved by the Secretary of W... of the United States of America, March fourth, eighteen hundred and ninety, with the southerly side of Hallock Street as now laid out upon the map of the City of New York; thence from said point of beginning southwesterly, along the easterly side of said Henry Street Basin, established as aforesaid, one thousand eight hundred sixty-one feet to the southeasterly corner of said Henry Street Basin, established as aforesaid, and a point in the exterior sea wall line, as established by said act of the New York State Legislature and approved by the Secretary of War as aforesaid; thence southwestwardly, across said Henry Street Basin, established as aforesaid, two hundred fifty-seven feet to the point of intersection of the exterior sea wall line, as established aforesaid, with the westerly side of said Henry Street Basin; as established aforesaid, at the southwesterly corner thereof; thence northeastwardly, along said westerly side of said Henry Street Basin, as established aforesaid, two thousand twenty-one and forty-nine hundredths feet more or less to a point in the United States pierhead and bulkhead line as approved by the Secretary of War of the United States of America on November thirteenth, nineteen hundred and forty, which point is in the prolongation of said southerly side of Hallock Street, as now laid out aforesaid, distant four hundred seventy feet southwesterly from the southerly side of Bay Street as widened to eighty feet on its southerly side by an ordinance of the Common Council of the City of Brooklyn, passed December fourth, eighteen hundred seventy-six, measured at right angles thereto; thence southeastwardly, along said southerly line of Hallock Street as prolonged and along said United States pierhead and bulkhead lines, approved as aforesaid, and parallel with said southerly side of Bay Street, two hundred feet to the point or place of beginning.

Being shown and designated as Lot 1 and in Block 614 on the Tax Map of the City of New York.

*100*

A-95

FAYKIN GREENGLATT L & K                                    010/012

. The foregoing remise and quitclaim and this deed are subject to such state of facts as an accurate survey or personal inspection may reveal or show, any and all easements, reservations, limitations, restrictions, agreements and covenants of record and any other matters that might be revealed by an up-to-date title report, and building and zoning restrictions and regulations contained in any resolution or ordinance adopted by the City of New York.

THIS LETTERS PATENT is issued for the purpose of correcting a defect in title created by a determination in a Memorandum and Order dated September 5, 2003 of the United States District Court, S.D. New York, in the matter of Gowanus Industrial Park, Inc., Plaintiff, v. Amerada Hess Corp., Defendant, No. 01-CV-0902 (ILG) which held that an indenture made the 26th day of February, 1997 between the Port Authority of New York and New Jersey, as Grantor to GOWANUS INDUSTRIAL PARK, INC., as Grantee recorded on March 17, 1997 in Reel 3901 at Page 1822 in the Office of the Kings County Register, Borough of Brooklyn, City and State of New York, was a nullity.

BEING the same premises conveyed by The Port Authority of New York and New Jersey to the People of the State of New York pursuant to aforementioned Chapter 410 of the Laws of 1944, by quitclaim deed dated November 29, 2004, to be recorded in the Office of Kings County Register, Borough of Brooklyn, City of New York, contemporaneously with this correction Letters Patent.

TO HAVE AND TO HOLD the above described premises unto the said GOWANUS INDUSTRIAL PARK, INC., its successors and assigns forever.

*101*

A-96

1172672000  10.55 FAX  212 004 0022        PATKIN GREENBLATT L & K        ⓦ011/012

IN WITNESS WHEREOF, our                    First Deputy Commissioner of General

Services has executed these Letters Patent in our name this           day of           2004

THE PEOPLE OF THE STATE OF NEW YORK

By _____

Robert J. Fleury
FIRST DEPUTY COMMISSIONER OF GENERAL SERVICES

STATE OF NEW YORK
                                                    ss.:
DEPARTMENT OF STATE

I hereby certify that the Great Seal of the State of New York
was hereto affixed on the 21st day of December, 2004

_____
                          Special         Deputy Secretary of State

Approved as to form this 21st day of DECEMBER 2004

_____
                          Eliot Spitzer

Attorney General

By _____
Henry A. DeCotis
Assistant Attorney General

*102*

A-97

The People of the State of New York

TO

Gowanus Industrial Park, Inc.

LETTERS PATENT

STATE OF NEW YORK
Department of State

Recorded in Book of Patents
No. 101 at page 91
December 31, 2004
Randy A. Daniels
Secretary of State

By: _____

Return to:

103

103

**EXHIBIT 7**

# PAYKIN MAHON ROONEY & KRIEG LLP
### ATTORNEYS AT LAW
185 MADISON AVENUE, 10TH FLOOR
NEW YORK, NEW YORK 10016

(212) 725-4423 • FAX (212) 684-9022

JOSEPH N. PAYKIN △
JAMES J. MAHON *
CHRISTOPHER S. ROONEY *
CHARLES D. KRIEG *
STEPHEN J. FRAHER *
DIANE L. BODENSTEIN *
ALBERT K. LAWLER *

OF COUNSEL

JAMES KLATSKY *
RICHARD H. ROSENBLUM *
STUART SUGARMAN **
JOHN M. TANENBAUM *

* ADMITTED IN NY
** ADMITTED IN NY AND NJ
△ ADMITTED IN NY AND FL
♦ ADMITTED IN NY AND IL
* ADMITTED IN NY, CT AND DC

June 24, 2008

Via Federal Express
Charles Sims, Esq.
Proskauer Rose LLP
1585 Broadway
New York, New York 10036

Re: **Gowanus Industrial Park, Inc.- Henry Street Basin**

Dear Mr. Sims:

As you are aware, we represent Gowanus Industrial Park, Inc. ("GIP") the owner of certain real property and lands under water located at the Henry Street Basin in Brooklyn, New York.

Our client has advised us that Amerada Hess Corp. ("Hess") has placed a fence and a pipeline on top of the bulkhead at the Henry Street Basin. Since the bulkhead and strip of land adjacent to the bulkhead are the property of GIP, we are hereby demanding that Hess relocate both the fence and pipeline onto property owned by Hess. If this is not done by June 30, 2008, GIP will take all necessary and appropriate action.

In addition, GIP would be amenable to allowing the pipeline to remain on its property in exchange for an annual rental charge. If you wish to pursue such an arrangement please feel free to contact me.

Please be guided accordingly.

Very truly yours,

Joseph N. Paykin

CC: John Quadrozzi, Jr.

Charles D. Krieg
Hinman, Howard & Kattell, LLP
185 Madison Avenue, 7th Floor
New York, New York 10016
(212) 725-4423

Attorneys for Plaintiff
Gowanus Industrial Park, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

GOWANUS INDUSTRIAL PARK, INC.,                    Civil Action No.: 10-05522
                                                  (JG) (JO)
                        Plaintiff,
                                                  ECF CASE
              -against-

HESS CORP.,

                        Defendant.
-------------------------------------------------------------X

I, Charles D. Krieg, hereby certify as follows:

1.      I am an attorney with the firm Hinman, Howard & Kattell, LLP, attorneys for

plaintiff Gowanus industrial Park, Inc. in the above-captioned matter.

2.      I hereby certify that upon this date I served via first class mail a true and correct

copy of the affidavit of John Quadrozzi, Jr. in support of its motion for summary

judgment upon the following:

Charles S. Sims
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000

Dated: New York, New York
       July 14, 2011

_____
Charles D. Krieg