# EXHIBIT 1

MAY 5 1998 4:33PM  LAWYERS TITLE 212 949 2438                NO. 3467  P. 7/10

L5801 P 386

**This Indenture**, made the 10th day of January, nineteen hundred and forty,

**Between** ROBINS DRY DOCK AND REPAIR COMPANY, a domestic corporation, having its principal place of business at No. 1 Broadway, Borough of Manhattan, City and State of New York,

party of the first part,

and IRA S. BUSHEY & SONS, INC., a domestic corporation, having its principal place of business at No. 764 Court Street, Borough of Brooklyn, City and State of New York,

party of the second part,

**Witnesseth**, that the party of the first part, in consideration of One ($1.) Dollar, lawful money of the United States, and other valuable consideration

paid by the party of the second part, does hereby grant and release unto the party of the second part, its successors

and assigns forever,

**All** that certain tract and parcel of land and land under water, together with the improvements thereon erected, situate, lying and being in the Twelfth Ward of the Borough of Brooklyn, County of Kings and State of New York, and bounded and described as follows, viz:

BEGINNING at a point in the centre line of Clinton Street, which point is distant (on a line measured along the said centre line of said Clinton Street) one hundred and seventy feet southwesterly from the southwesterly side of Bryant Street, running thence northwesterly and on a line parallel with Bryant Street and distant one hundred and seventy feet therefrom, two hundred and fifty-eight feet to the easterly line of the Henry Street Slip; thence southwesterly and parallel with Clinton Street and along the easterly line of Henry Street Slip to a point where the pier or bulkhead line of Gowanus Bay Channel would if extended across the mouth of said slip, intersect said line so running along the easterly side of Henry Street Slip; thence northeasterly along said pier or bulkhead line so extended and along said pier or bulkhead line on Gowanus Bay Channel to a point where a line drawn southwesterly in continuation of said centre line of Clinton Street would intersect said pier or bulkhead line of Gowanus Bay Channel; thence northeasterly along said line so in continuation of said centre line of said Clinton Street, and along said centre line of said Clinton Street nine hundred and forty-five feet and ten and a half inches to the point or place of beginning, be the said several dimensions more or less.

TOGETHER with all right, title and interest, if any, of the party of the first part, of, in and to the land lying in the bed of any street, road or avenue opened or proposed in front of or adjoining said premises to the centre line thereof;

TOGETHER with the electric crane and any other personal property now on and pertinent to or used in the operation of the premises on the date hereof and owned by the party of the first part.

AH 00108

CON 5801 PAGE 337

SUBJECT to any state of facts that an accurate survey would show.

SUBJECT to and with the benefit of the covenants, restrictions and agreements imposed upon said premises and other premises by the deed made by William Beard and others to Richard Poillon and recorded in the Office of the Register of Kings County in liber 1524 of conveyances, page 1, September 11, 1883, insofar, if at all, as said covenants remain in force and effect.

SUBJECT to building restrictions and regulations contained in a resolution or ordinance adopted July 25, 1916 by the Board of Estimate and Apportionment of the City of New York and amendments thereto now in force and effect.

SUBJECT as to so much of the premises as lies under water beyond the line of solid filling, including the pier, to the rights, if any, of the People of the State of New York to claim that the premises have not been sufficiently filled in and appropriated to the purpose of commerce, or that the improvements heretofore made were not sufficient compliance with the conditions implied in the statutes under which the title of the party of the first part is derived.

SUBJECT to all powers of regulation and government which the People of the State of New York and the City of New York may have over water front or wharf property.

SUBJECT to any and all rights which the Federal Government may have to change harbor lines without compensation.

SUBJECT to any and all rights of the public to navigate over so much of the premises as lies under water.

SUBJECT to the rights, if any, of the City of New York in and to that portion of the premises hereinabove described lying within the boundary lines of Clinton Street and the continuation thereof.

The party of the second part does hereby covenant and agree to and with the party of the first part that the party of the second part shall not erect or maintain upon the premises hereby conveyed any dry dock of a capacity to lift 8000 or more tons. This covenant is and shall be construed to be a real covenant running with the land and shall inure to the benefit of other property of the party of the first part in the vicinity of the property hereby conveyed now used by the party of the first part for the same or a similar purpose and shall expire on the 10th day of January , 1950. This covenant shall be binding upon the successors and assigns of the party of the second part and upon future owners of all or any part of the premises hereby conveyed, and shall inure to the benefit of the successors and assigns of the party of the first part.

A purchase money mortgage in the sum of $160,000. has been this day given by the grantee to the grantor to secure part of the purchase price and this deed and is to be recorded simultaneously herewith.

AH 00109



its successors,                                                                                           and assigns forever.

The grantor, in compliance with Section 13 of the Lien Law, covenants that the grantor will receive the consideration for this conveyance as a trust fund to be applied first for the purpose of paying the cost of the improvement and that the grantor will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

And the party of the first part covenants as follows:

First.—That the party of the first part is seized of the said premises in fee simple, and has good right to convey the same;

Second.—That the party of the second part shall quietly enjoy the said premises;

Third.—That the said premises are free from encumbrances, except as aforesaid;

Fourth.—That the party of the first part will execute or procure any further necessary assurance of the title to said premises;

Fifth.—That the party of the first part will forever warrant the title to said premises.

In Witness Whereof, the party of the first part has caused its corporate seal to be hereunto affixed, and these presents to be signed by its duly authorized officer the day and year first above written.

In presence of:



# EXHIBIT 2



L 6170 P 100

This Indenture, made the

day of April, nineteen hundred and forty-two

Between MARGINAL DOCK COMPANY, INC.,

a corporation organized under the laws of Rhode Island, with its principal place of business at 403 Turks Head Building, Providence, Rhode Island,

, party of the first part,

and IRA S. BUSHEY & SONS, INC., a corporation organized under the laws of New York, with its principal place of business at the Foot of Court Street, Borough of Brooklyn, County of Kings and State of New York,

, party of the second part,

Witnesseth, that the party of the first part, in consideration of

One hundred Dollars ($100.)

lawful money of the United States, and other good and valuable considerations,

paid by the party of the second part,

does hereby grant and release unto the party of the second part, its successors

and assigns forever,

All those certain lots, pieces or parcels of land, situate, lying and being in said Twelfth Ward of said City of Brooklyn, and bounded and described as follows:—
BEGINNING at a point where the westerly line of Clinton Street extended southerly across Bryant Street would intersect the center line of Bryant Street and distant 490 feet southerly from the corner formed by the intersection of the southerly side of Halleck Street with said westerly side of Clinton Street; thence running westerly and a part of the way along said center line of Bryant Street, (323) three hundred and twenty-three feet, to the center line of Henry Street slip; thence running southerly along the center line of Henry Street slip and parallel with Clinton Street, (210) two hundred and ten feet; thence running easterly and parallel with Bryant Street, (323) three hundred and twenty-three feet to the westerly side of Clinton Street; thence running northerly along the westerly side of Clinton Street (210) two hundred and ten feet to the center line of Bryant Street, the point or place of beginning, being lots numbered (570) five hundred seventy to (576) five hundred seventy-six inclusive, colored red, in block marked (14) fourteen, on Map No. 2 map of property in the Twelfth Ward of the City of Brooklyn, belonging to William Beard and Jeremiah P. Robinson, Leandor N. Vibbard, City Surveyor, March 16, 1885, filed in the office of the Register of the County of Kings; and also including the one-half of Henry Street Slip lying in front and adjoining said lots; and also one-half of Bryant Street lying between blocks (14) fourteen and (15) fifteen as laid down on said map. (The parcel of land and land under water lastly above described, being subject to the covenants and agreements relating to the use of Henry Street Slip, contained in a certain deed embracing the said premises, made by William Beard and Mary A. Beard, his wife, to Jeremiah P. Robinson, dated April 8th, 1885, and recorded in the office of the Register of Kings County April 9th, 1885, Liber 1601 page 186.

AH 00104

MAY. 5. 1998  4:32PM    LAWYERS TITLE 212 949 2438                NO. 3467   P. 4/10

co.6170 age 101

TOGETHER with all right, title and interest released to the party of the first part by release from the City of New York dated June 18, 1929 and recorded on June 21, 1929 in the office of the Register of Kings County in Liber 5039 of conveyances at page 510, which right, title and interest of the City of New York was in the following described property:

ALL that certain lot, piece or parcel of land situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at the northeasterly corner of land now owned by Marginal Dock Company, Inc., in the line of Clinton street; thence going westerly, following the northern boundary line of the land now owned by the company two hundred twenty-three (223) feet to the bulkhead on the Henry street slip; thence turning northerly at right angles and following the bulkhead line forty (40) feet; thence turning at right angles and going in a straight line two hundred twenty-three (223) feet to the westerly line of Clinton street; thence turning at right angles and going in a general southerly direction following the westerly line of Clinton street forty (40) feet to the point or place of beginning.

It being intended to describe all that land lying in the southerly half of former Bryant street between the westerly line of Clinton street and the easterly line of Henry street slip.

SUBJECT to covenants recorded in Liber 1524 of Conveyances at page 1 and in Liber 1601 of Conveyances at page 386.

SUBJECT to any state of facts which an accurate survey may show.

SUBJECT to:

All powers of regulation and government which the People of the State of New York and the City of New York may have over water front or wharf property.

Any and all rights which the Federal Government may have to change the harbor lines without compensation.

Any and all rights of the public to navigate over so much of the premises as lies under water.

As to so much of the above described premises as consists of land under water beyond the line of solid filling including the pier, the title hereby conveyed is a title in fee simple or the franchise or right to fill in and thus acquire title in fee simple to the same, subject to possibility that the State might claim that such property had not been filled in and appropriated to the purposes of commerce; or that such filling or such appropriation had not been initiated in good faith; or that the improvements heretofore made were not sufficient compliance with the conditions implied in the statutes under which title is derived.

BEING the same premises conveyed to the party of the first part by Ellen Pate Robinson and William C. Pate as Executors of the Last Will and Testament of Isaac R. Robinson, deceased and Ellen Pate Robinson, Ruth Robinson and Elsie Potter Robinson dated August 8, 1916 and recorded in the Kings County Register's Office on September 18, 1916 in Liber 3634 of Conveyances at page 1, and being the fifth (5th) parcel described in said deed, together with the rights released by the City of New York

There has been executed and delivered simultaneously herewith, and intended to be recorded, a purchase money mortgage in the sum of Thirty Thousand Dollars ($30,000.) which mortgage is dated April     , 1942 and was made and executed by the party of the second part herein to the party of the first part.

AH 00105

State of _____
County of _____   ss.:

On the _____ day of April, nineteen hundred and forty-two before me came PERCY V. GARDNER to me known, who, being by me duly sworn, did depose and say that he resides at _____

that he is the President

MARGINAL DOCK COMPANY, INC.

the corporation described in, and which executed, the foregoing instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

*Marion Gladding*

MARGINAL DOCK COMPANY, INC.

TO

12573

Warranty Deed

Dated April __ 19__

MAY. 5. 1998  4:33PM   LAWYERS TITLE 212 949 2438                    NO. 3467   P. 6/10

CON 5170 PAGE 102

And the grantor, in compliance with Section 13 of the Lien Law, covenants that he will receive the consideration for this conveyance as a trust fund to be applied first for the purpose of paying the cost of the improvement and that he will apply the same to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

**And** the party of the first part covenants as follows:

First.  That the party of the first part is seized of the said premises in fee simple, and has good right to convey the same;

Second.  That the party of the second part shall quietly enjoy the said premises;

Third.  That the said premises are free from incumbrances, except as aforesaid;

Fourth.  That the party of the first part will execute or procure any further necessary assurance of the title to said premises;

Fifth.  That the party of the first part will forever warrant the title to the said premises.

**In Witness Whereof,** the party of the first part has caused its corporate seal to be hereunto affixed and these presents to be signed by its duly authorized officer the day and year first above written.

MARGINAL DOCK COMPANY, INC.

By _Percy E. Gardner_
President

AH 00107