HINMAN, HOWARD & KATTELL, LLP
Joseph N. Paykin
185 Madison Avenue, 7th Floor
New York, New York 10016
(212) 725-4423

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GOWANUS INDUSTRIAL PARK, INC.

                         Plaintiff,

-against-

HESS CORP.,

                         Defendant.
-----------------------------------------------------------X

Civil Action No.:
10-05522 (JG) (JO)

**ECF CASE**

**LOCAL RULE 56.1 STATEMENT**

Pursuant to Local Rule 56.1 of the United States District Court for the Eastern District of New York, plaintiff Gowanus Industrial Park, Inc. ("GIP") submits the following statement of facts as to which there is no genuine issue to be tried, and which, under applicable law, entitle plaintiff to judgment as a matter of law:

1. In 1997, Gowanus Industrial Park, Inc. ("GIP") acquired certain parcels ("Parcels") of land located in Brooklyn, New York, which include a rectangular piece of land currently underwater known as the Henry Street Basin ("Basin") pursuant to a quitclaim deed dated February 26, 1997 ("Quitclaim Deed") from the Port Authority of New York, New Jersey (paragraph 2 of the affidavit of John Quadrozzi, Jr. sworn to on July 13, 2011 ("Quadrozzi Aff.")).

2. On its easterly side, the Basin abuts a bulkhead ("Bulkhead"). On top of the Bulkhead Hess has constructed a fence ("Fence") and piping ("Piping") which are within the confines of the Parcels ("Encroached Property"). (Quadrozzi Aff. ¶ 3.)

3. In March, 1998, GIP sent Hess a letter advising it of its trespass on the Encroached Property. (Quadrozzi Aff. ¶ 4.)

4. Hess refused to vacate the Encroached Property, and in 2001, GIP commenced an action against Hess in the United States District Court for the Eastern District of New York ("First Hess Action") seeking, among other things: a declaratory judgment that: (i) the bulkhead is within the Parcels; (ii) GIP is the sole and exclusive legal and equitable owner of the Parcels; (iii) GIP is entitled to sole, exclusive and unfettered use of and access to the Bulkhead; and (iv) Hess has no legal or equitable claim to the ownership or use of the bulkhead. (Quadrozzi Aff. ¶ 5.)

5. On September 5, 2003, The Court issued an order in the First Hess Action ("Order") which held that the Bulkhead lies within the Parcels, but denied the other the relief sought by GIP, in large part, because the Court found GIP did not have valid title to the Parcels. Gowanus Industrial Park v. Amerada Hess Corp., 2003WL22076651 (SDNY 2003). (Quadrozzi Aff. ¶ 6.)

6. The Port Authority of New York and New Jersey conveyed title to the Parcels via quitclaim deed to the State of New York on November 29, 2004. (Quadrozzi Aff. ¶ 7.)

7. The State of New York then conveyed the Parcels to GIP by letters patent dated December 21, 2004. (Quadrozzi Aff. ¶ 7.)

8.      On June 24, 2008, GIP sent a correspondence to Hess demanding that Hess cease and desist from its acts of trespass on the Encroached Property. (Quadrozzi Aff. ¶ 8.)

Dated: New York, New York
       September 12, 2011

                              HINMAN, HOWARD & KATTELL, LLP

                              By: _____s/ Charles D. Krieg_____
                                      Charles D. Krieg
                                      Attorneys for Plaintiff
                                       Gowanus Industrial Park, Inc.
                                      185 Madison Avenue, 7th Floor
                                      New York, New York 10016
                                      (212) 725-4423